[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Based on testimony elicited at trial, exhibits introduced into evidence, and the Court's evaluation of the credibility of the witnesses, the Court finds the following facts:
On April 18, 1990, the Defendant O.C. Little Sons, Inc., in the person of Defendant, Owen C. Little, placed an order with the Plaintiff for eighty-eight infiltrators and related materials. Mr. Little did not tell the Plaintiff he needed the materials the next day, nor was there any discussion of price. This order was phoned to Dan Collins, manager of the Plaintiff's North Haven office. Mr. Collins told Mr. Little that the infiltrators were not in stock and would have to be ordered. Once in December, 1989, and twice in February, 1990, the Plaintiff had sold infiltrators to the Defendant at a price of $47.50 each. On April 20, 1990, two days after the order was placed, the Plaintiff delivered the materials to the Defendant's business yard. This shipment included the eighty-eight infiltrators plus three extra ones, because prior to shipping, the Plaintiff noticed that three were broken. When the shipment was delivered on Friday, April 20, 1990, Owen Little, Jr., Vice-President of the Defendant Company, unloaded the infiltrators with the help of Carl, an all around man of the Defendant, who was trained to receive, count and check the shipment, and if everything was in order, to sign a receipt, and if there was any problem with the shipment, to let the delivery man know what the problem was. Carl initialed the receipt without oral or written comment. A bill for this shipment was sent, and the Defendant company paid $500.00 toward this bill in August, 1990, and another $500.00 in late October or early November, 1990. These payments were made without any reservations; there was no mention by the Defendants of any complaints about the goods, or the price of $47.50 per infiltrator. The Plaintiff kept records of all its conversations with the Defendants from June, 1990, to January, 1991, and not once was any complaint or protest made by the Defendants. It was only after this lawsuit was filed (returnable first Tuesday of January, 1991), that the Defendants CT Page 10467 claimed for the first time that some of the infiltrators were broken and that they were objecting to the amount charged, ($47.50 per infiltrator). On July 12, 1989, Owen C. Little, Sr., signed an Application for Credit with the Plaintiff, along with a Credit Agreement in which he agreed to a finance charge of 1.5% per month on the unpaid balance of a bill, beginning thirty days from the date of the bill, and in the case of non-payment, to pay all costs of collection including a reasonable attorney's fee. He also signed an Individual Guaranty, in which he guaranteed to the Plaintiff the full and prompt payment of all invoices, interest charges, costs and attorney's fees, and agreed to be personally bound by all the terms and conditions of the agreement. As of the first date of the trial, September 22, 1992, the principal balance due was $4,592.01 plus $1,568.15 interest, with per diem interest being $2.26. Counsel for the Plaintiff has submitted an Affidavit claiming $12,070.00 in attorney's fees, based on a $150.00 per hour charge.
The Court further finds that the Plaintiff delivered to the Defendants in a reasonable time after the order was placed, eighty-eight infiltrators which were not broken or defective, at a price of $47.50 each, based on recent prior dealings between the parties.
This case comes down to a question of the credibility of the witnesses, and the Court finds the Plaintiff's witnesses to be more credible than those of the Defendants.
The Plaintiff has proved by a fair preponderance of the evidence all the allegations of both the First Count and the Second Count of the Complaint, and the Defendant O.C. Little 
Sons, Inc., has failed to prove by a fair preponderance of the evidence, the essential allegations of the First Count of its Amended Counterclaim. The other counts of the Amended Counterclaim were withdrawn.
Accordingly, judgment may enter for the Plaintiff against both Defendants, in the amount of $4,592.01 plus $1,568.15 interest plus $2.26 per day interest beginning September 23, 1992, until payment, plus costs. The Court also awards to the Plaintiff an attorney's fee in the amount of $5,000.00.
Judgment may enter for the Plaintiff on the Counterclaim.
CT Page 10468 Richard A. Walsh, J.